(131 So. 461)

## PERKINS v. STATE.
### 6 Div. 877.

Court of Appeals of Alabama.
Dec. 16, 1930.

R. G. Redden, of Vernon, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

**BRICKEN, P. J.**

Appellant was charged by indictment with the offense of murder in the second degree, it being therein alleged that he unlawfully and with malice aforethought killed Slim Husband, alias Husbandman, by shooting him with a gun or pistol, but without premeditation or deliberation. His trial resulted in his conviction by the jury who returned a verdict: "We the jury find the defendant guilty of murder in the second degree and fix his punishment at imprisonment in the penitentiary for twenty years." Judgment of conviction was accordingly pronounced and entered, from which this appeal was taken.

But two points of decision are presented, and these relate to rulings by the court upon the admission of evidence.

Appellant has assigned errors, and assignment 1 is as follows: "The court erred in not allowing defendant to prove by witness Pete Sheffield the reputation of deceased Slim Husband, for being a violent, dangerous, and bloodthirsty negro." We are at a loss to understand this insistence. Reference to the record discloses that defendant's witness Pete Sheffield, without objection, was permitted to testify on his direct examination as follows:

"Pete Sheffield, a witness for the defendant, being sworn and examined, testified as follows:

"Direct Examination.

" 'I live at Sulligent, and I lived there when Slim was killed; Slim didn't live there in the quarters; he lived up about the school house in Sulligent; I had known him about a year; the reputation that they gave him was that he was a violent, blood-thirsty, dangerous negro; he was known as a dangerous, violent, blood thirsty negro; I seen him with a gun a time or two; he was known as an overbearing negro and blood thirsty and dangerous.'

"Cross Examination.

" 'Slim is the only name I know; the one I am talking about was janitor at the school house, the white school; my name is Pete Sheffield; I didn't see the shooting.' "

The foregoing is the entire evidence given by the witness Pete Sheffield, and no ruling of the court was invoked in this connection.

The first assignment, therefore, is not borne out by the record and cannot be sustained.

While assignment of error in criminal cases is not necessary, it is permissible so to do, but whether so assigned or not the duty devolves upon the appellate courts to consider all questions apparent on the record or reserved by bill of exceptions, and to render such judgment as the law demands. Code 1923, § 3258.

We are inclined to the opinion that assignment of error No. 1, above quoted, was intended to refer to defendant's witness Cecil Poe and not for witness Pete Sheffield, for, in compliance with the statutory duty supra, we have examined the entire record and find that upon the examination of Cecil Poe, witness for defendant, exception was reserved to the court's ruling similar to the insistence made the basis of assignment of error No. 1. As to the ruling excepted to in this connection, even if error, it was fully cured by the court in permitting said witness to testify fully on his redirect examination to the matter under inquiry. The defendant having received the full benefit of the testimony of this witness rendered harmless any semblance of error in the former rulings of the court on this point.

The remaining point of decision is based upon a colloquy between the court and counsel for defendant in connection with the examination of the defendant, who testified as a witness in his own behalf. The second assignment of error is predicated on this occurrence. The insistence cannot be sustained. In the first place, there was manifestly nothing hurtful to the substantial rights of the accused in this connection, nor was there any exception reserved. It is elementary that a trial court will not be put to error, where no ruling of the court has been invoked and exception reserved.

A careful examination of the record shows its regularity in all things.

Affirmed.